LAW OFFICES

## BARRY LEVIN

Suite 333
600 Old Country Road
Garden City, New York 11530
**-----**
(516) 222-4500
FACSIMILE (516) 228-8120

BARRY LEVIN                                                      WRITER'S DIRECT LINE
----------                                                         --------
JEANNIE L. BERGSTEN                                              (516) 222- 4502

January 8, 2008

AUSA Elie Honig
AUSA Benjamin Gruenstein
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007-1312

Re:    *United States v. John Melicharek, 07-Cr.-907 (S-1)*

Dear AUSA Honig and Gruenstein,

As one of the attorneys for the defendant John Melicharek, I write this letter pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure in lieu of a formal motion, which might unnecessarily burden the Court.  In the event of a disagreement between us as to whether the defendant is entitled to a particular item, we can ask the Court to resolve the conflict.  Your office is, of course, under a continuing duty to disclose Brady and Rule 16 materials as you become aware of them.

## A.  Definitions

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense.  Our request for discovery and inspection relates to items in the possession, custody, or control of the United States Attorney as well as all federal, state and city agencies or governmental entities over which it has sufficient control or liaison to obtain access to materials possessed by such agency or entity.  With respect to those items which we request, if the United States Attorney does not have them in its possession, we ask for a statement to the effect that such items do not exist or are not in the United States Attorney's possession.  If the United States Attorney is aware that a requested item exists but does not have it in its possession, then we request that the United States Attorney disclose the whereabouts of the item.  As used herein, the term "document" means any tangible thing containing, reflecting or

capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the indictment and the matters referred to therein.  It is requested that the United States Attorney disclose the following:

## B.  Rule 16 and Other Pretrial Materials

1.      The government is requested to permit the defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by the defendant, agent or co-conspirator, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  In this regard, counsel for the government is specifically requested to inquire of all law enforcement personnel whom he knows to have been connected with this case as well as any and all potential government witnesses or other people who have supplied information to the government whether they are aware of any written or recorded statements of the defendant, and if so, to make such statements available, forthwith, for inspection by the defendant and counsel.

2.      The defendant requests that the government produce the substance of any oral statement, which the government intends to offer in evidence at the trial made by the defendant, agent or co-conspirators.  The government is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other oral statements purportedly made by the defendant or any agent or alleged co-conspirator.

3.      The defendant requests permission to inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known (this includes documents in the possession of a cooperating witness) to the government and which are material to the preparation of his defense or which are intended for use by the government as evidence-in-chief at the trial or were obtained from or belong to the defendant. Defense counsel seeks the right to inspect those items discoverable under Rule 16.

4.      The defendant further requests that the government permit him to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial.  Your attention is respectfully directed to the fact that this provision is not triggered only with regard to such reports, etc., which the government intends to offer during its case-in-chief.  Self-evidently, reports, etc., which are "material to the preparation of the defense" are also discoverable.  In the event that the government is in fact in possession of reports, etc., which it does not intend to offer (or subsequently comes into possession of such reports), the government is respectfully asked to seek a ruling of the Court, ex parte if necessary, to assist in determining whether such reports are discoverable as "material to the preparation of the defense" of this case.

5.      The defendant requests an opportunity to inspect and copy any and all records, statements, notes of interviews, tape-recordings, alleged admissions or confessions, signed or unsigned, oral or written, which are attributed to or were taken from the defendant, all co-defendants or alleged co-conspirators which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of due diligence may become known to counsel for the government.

6.      The defendant requests a designation by the government of those persons it intends to call as witnesses at the trial of this indictment and the addresses of such parties.  The government is specifically requested to disclose the name and address of any witness, which it intends to call and from whom the government will seek to elicit "expert" testimony, within the meaning of the Federal Rules of Evidence.  Moreover, the government is requested to provide a summary of the witness' testimony, including the witness' qualifications, opinions and the basis of the witness' opinions, including any reports, studies or other data upon which such expert will rely in giving his/her testimony.  Defendant's right to disclosure of this information is expressly recognized by recent amendments to the criminal procedure rules.  Rule 16 of the Federal Rules of Criminal Procedure provides, in part, as follows:

"<u>Rule 16(G)</u>"

EXPERT WITNESSES.  Upon a defendant's request, the government must give the defendant a written summary of any testimony the government intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703, or 705 of the.  The summary must describe the witnesses' opinions, the bases of the reasons for those opinions, and the witnesses' qualifications.

7.      With respect to each witness the government intends to call at trial, or any member of the immediate family of any such witness, set forth a written summary of all charges or tax proceedings which could be brought by the government (as defined) or any other law enforcement or self-regulatory agency, but which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the government, or for any other reason.  Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter of the attorney for a witness or otherwise.

8.      The defendant requests that the government produce a list of any exhibits it intends to use at trial which are now known to the government and that additions, if any, to said list be provided.

9.      The government is requested to produce all documents and other evidence regarding drug and alcohol usage, abuse, and/or dependency by any individual the government intends to use as a witness at trial including, but not limited to, records relating to treatment of such individual in any federal, state, city, military or private drug or detoxification program.

10.     The government is requested to produce all documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, including, but not limited to, records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

11.     The government is requested to produce all documents and other evidence regarding any polygraph examination(s) given to any individual the government intends to use as a witness at trial.

## C. Brady Material

12.     The government is requested to disclose the names and addresses of any person whom the government knows to have relevant information regarding the facts of this case.  In addition, all relevant Brady, Giglio, Agurs, and Bagley material is requested, including copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the defendant or which tends to negate or mitigate the guilt of the defendant, as to the offenses charged, or which would tend to reduce the punishment thereof. In this regard, disclose any and all records and/or information, which might be helpful or useful to the defense in impeaching said person.  This includes, but is not limited to, any and all records and/or information revealing prior misconduct attributable to the person. Include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material, which may be favorable or exculpatory.

13.     With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, attach copies of all indictments, complaints, arrests, hearings or informations brought against such person by the federal, or any state or local government, all disciplinary actions brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.  If the prosecution does not have copies of all indictments, complaints, informations, arrests, hearings or disciplinary actions, state the dates and places of such arrests, hearings, indictments, and informations, or disciplinary actions, the charge brought, and the disposition of those charges so far as it is known.  With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not be brought because the witness is cooperating with or has cooperated with the federal, state or city governments, or for any other similar or related reason.

14.     Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise. Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial. Include all information which may bear on the credibility of any witness and all information bearing on his relationship to any federal, state or city agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence, or at the instance of the government. This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

15.     Provide all documents and other evidence regarding drug or alcohol usage and/or dependency by any individuals the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental diseases, disability, or disorder.

16.     Provide all information, which may demonstrate an inconsistency or arguable inconsistency with another statement made by another person or that person; and all information, which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the defendant. The law is well settled that it is not for the prosecutor to decide what material is exculpatory or what material falls within the purview of Brady. Accordingly, we ask that any information which may arguable fall within the aforementioned categories is to be disclosed to counsel for the defendant.

17.     The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either de facto or statutory immunity (inter alia, 18 U.S.C. "6001, et seq.), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the government, the existence of which known, or through the exercise of due diligence, may become known to counsel for the government.

18.     The defendant requests the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the payment of money or the receipt of other things of value by any individual or entity who provided assistance or information to any state or federal law enforcement or prosecutorial agency or any administrative agency in connection with this case. Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

19.     The defendant requests that the government disclose the substance of any

written or oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state or federal law enforcement representative, attorney or other person acting as agent of or on behalf of state or federal government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case.

20.    The defendant requests that the government disclose any and all actions, promises or efforts -- formal or informal -- on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner member, agent or servant.  This request includes, but is not limited to (a) letters to anyone informing the recipient of the witness' cooperation; (b) recommendations concerning federal or state aid or benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment or promises not to jeopardize such status; (f) aid or efforts concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness or his or her family; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

21.    The defendant requests the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state or federal government to provide assistance, protection or relocation to any individual or member of such individual's family, who provided assistance to any state or federal enforcement or prosecutorial agency, or administrative agency in conjunction with this case.  These documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

### D.  <u>Search, Seizure and Related Material</u>

22.    To the extent such materials have not already been produced, the defendant requests the opportunity to inspect and copy any and all records, schedules, bills or other documents which relate to this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which the defendants maintained a possessory interest or over such instrument the government knew, or believed, the defendant utilized and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for government.

23.    The government is requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises

which relate to this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

24.     The government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of the diligence may become known to counsel for the government.  With respect to any documents seized from the person or property of the defendant, or their agents, or co-conspirators, we request that the government make copies of said documents and provide them to us forthwith.  Naturally, the defendant will reimburse the government for reasonable copying costs.

25.     The government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, etc.  If so, state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification.  State whether any witnesses were unable to identify the defendant, made a mistaken identification, or was uncertain in making an identification.

26.     The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of any of the individuals involved in this case, and particularly the defendant.

27.     The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

28.     The government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

29.     The government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.  If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates,

times, places, etc.

30.     The government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this case, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

31.     The government is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of the defendant that were made from:  a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which the defendant had a possessory, leasehold or ownership interest.

### E.     Wiretapping, Eavesdropping and Consensual Recordings and Related Materials

32.     Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

33.     Discovery is also sought as to any and all statements of the defendant, agents, co-conspirators, or other individuals, whether oral, recorded or written which were seized by electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

34.     Discovery is sought as to any and all mechanical or electronic recordings and/or tapes that contain any of the defendant's, agent's or alleged co-conspirator's conversations or which emanated from any premises or over any instrument in which the defendant possessed a proprietary interest or which were made in connection with a court ordered eavesdropping warrant in which any defendant was named as a party to be intercepted or was a person who was in fact intercepted.

35.     Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications which were made by any public servant, or their duly authorized representatives, which are germane to this case and related in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments.

36.     Discovery is sought as to a schedule of each type of mechanical or

electronic eavesdropping device or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunction with, or relate to, this case.

37. The defendant's request above for disclosure of documents relating to state and federal eavesdropping or wiretapping activity specifically seeks the disclosure of, but is not limited to, the following documents or information:

a. any and all requests, applications and/or orders seeking or requiring the sealing of tapes or other recordings;

b. any and all requests, applications (whether granted or not) and/or orders seeking or granting any initial interception order or renewal or extension of a previously existing order;

c. copies of any and all progress reports, or orders to make such reports;

d. any and all requests, applications and/or orders amending a wiretap order or warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;

e. a schedule of any and all logs or other documents maintained during or in conjunction with the interception of wire or oral communications by law enforcement personnel;

f. any and all documents which relate to the use of "pen registers," "trap" or "trace" devices by law enforcement personnel in conjunction with this case;

g. copies of any and all inventories prepared in conjunction with wire-tapping or eavesdropping activity, which relate to this case;

h. copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity, which relate to the present case;

i. copies of any and all reports required pursuant to 18 U.S.C. 2519 or state counterparts;

j. copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

k. any and all orders permitting the interception of radio communications

9

and all tapes or recordings produced in accordance therewith;

l.      any and all transcripts, tapes or recordings in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

m.     any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the government;

n.      any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government;

o.      any and all subscriber or customer records of the defendant obtained pursuant to section 2703 of the Electronic Communications Privacy Act of 1986, and any documents, which authorized the government to obtain such information.

## F.  Miscellaneous Materials

38.     If not already provided to defense counsel, a copy of the prior criminal record, if any, of the defendant and alleged co-conspirators and a statement of the use, if any, the prosecution intends to make of such records at trial.

39.     The following items of discovery, concerning the administration and procedures utilized in conducting the underlying grand jury investigation, are sought:

a.      The government is requested to disclose the day upon which the grand jury that returned the instant indictment was empanelled, the duration of its term and any extensions thereof.

b.      If any grand jury extensions were obtained, the government is requested to produce the affidavit and order in support of such extensions.

c.      The government is requested to disclose whether during the deliberations and/or voting of this grand jury, any persons, other than grand jurors,

Assistant United States Attorneys or stenographers, were present in the grand jury room.

d.  The government is requested to disclose whether 16 people were present at the time the instant indictment was voted.

e.  The government is requested to disclose whether the instructions concerning the law and with respect to the duties of the grand jurors and any matters before them, were made by an Assistant government to the grand jury, and further, if these instructions were duly recorded in the minutes of the grand jury.

f.  The government is requested to disclose whether any Assistant United States Attorney, law enforcement officer or agent of the state or other governmental agency or any other persons summarized any testimony, tape recordings, documents or evidence before the grand jury in connection with the indictment herein.

g.  The government is requested to disclose whether the grand jurors that returned the instant indictment were instructed, on the record, that they were entitled to formulate and pose their own individual questions to any witness who appeared before them.

h.  The government is requested to disclose whether any grand jury subpoenas were issued to prospective witnesses who never testified in the grand jury, but instead were interrogated outside the presence of the grand jury.

i.  The government is requested to disclose comments, if any regarding the prosecutor's personal opinion regarding the credibility or lack of credibility of any grand jury witness.

j.  The government is requested to disclose communications if any, between grand jurors and prosecutors, while the grand jury is in session, not reflected on the record.

k.  The government is requested to disclose any failure to apprise the grand jury of crimes known to have been committed by a grand jury witness and the fact that the grand jury witness will not be prosecuted for such crimes if that witness cooperates.

l.  The government is requested to disclose whether any prosecutor testified before the grand jury.

11

m.      The government is requested to disclose whether the grand jury was presented with an indictment, which had already been signed.

n.      The government is requested to disclose whether the grand jury voted separately as to each offense charged in the indictment.

o.      The government is requested to disclose whether a majority of those jurors who voted the indictment herein heard sufficient evidence to support the indictment.

p.      The government is requested to disclose whether all noncumulative evidence considered by the government to be <u>Brady</u> material was presented to the grand jury.

40.     It is requested that the government give notice to the defendant of any intention to offer evidence pursuant to Federal Rule of Evidence 404(b) of other "crimes, wrongs or acts" of the defendant, whether offered pursuant to Fed. R. Evid. 404(b), as proof of the "enterprise" or the conspiracy alleged in the indictment, or under any other theory of admissibility. Such notice must be sufficiently detailed and provided sufficiently  in advance of trial to permit counsel to properly litigate the admissibility of these issues <u>in limine</u> before trial. Accordingly, the government is requested to set forth a list of all such crimes, wrongs, or acts specified by date, time, location, and participants. Defendant's right to receive notice of 404(b) proof is explicitly provided in the evidentiary rule. Rule 404(b) provides as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, <u>provided that</u> upon request by the accused, the prosecution in a criminal case <u>shall provide reasonable notice</u> in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Further, if it is the intention of the United States Attorney to impeach the defendant's credibility, should he testify, with evidence offered or testimony elicited pursuant to Federal Rules of Evidence 608 and 609, the United States is requested to disclose all such cross-examination items so that an advance ruling may be sought as to admissibility and potentially overriding prejudicial effect.

41.     Provide counsel with a list of the names, aliases, and addresses of each and every unindicted co-conspirator known to the government.

42.     Advise defense counsel of the existence of and its intended use of any

statement made by any defendant inculpating any other defendant, the use of which as evidence would raise <u>Bruton</u> issues.

      43.    State whether any witness or prospective witness was hypnotized.  If so, describe the circumstances surrounding the hypnosis and provide copies of the video and/or tape recordings used to memorialize the hypnotic procedure.

      44.    The government is requested to produce all correspondence and memoranda of agencies and organizations that participated in the investigation resulting in the instant indictment, to the extent that such correspondence and memoranda reflect non-privileged factual matter and witness statements.  It is understood that such material will be edited/redacted to protect matter privileged from discovery.

### G.  Bill of Particulars

We request a bill of particulars in connection with the above-referenced case.  This request for a bill of particulars does not seek theories of the prosecution.  Nor does it seek the government's evidence.  Rather, these requests simply try to isolate each and every criminal or wrongful act, which will need to be defended against at trial.  Such notice is consistent with Second Circuit law.  <u>See</u> <u>United States v. Davidoff</u>, 845 F.2d 1151, 1154 (2d Cir. 1988); <u>United States v. Bortnovsky</u>, 820 F.2d 572, 572-75 (2d Cir. 1987) (per curiam).

Furthermore, it is respectfully requested that the government identify each and every victim of the alleged extortions contained in Counts One and Two of the Indictment. <u>See</u>, <u>United States v. Abelis</u>, 146 F.3d 73, 82 (2d Cir. 1998); <u>United States v. Aliperti</u> 867 F.Supp 142, 149 (E.D.N.Y. 1994); <u>United States v. Lino</u>, 2001 WL 8356 (S.D.N.Y.)

Moreover, it is requested that the government identify each and every unindicted co-conspirator set forth in each count, including but not limited to those referred to in the instant Indictment as "others". <u>See</u>, <u>United States v. Nachamie</u>, 91 F.supp.2d 573; <u>United States v. Faille</u>, 1993 WL 547419; <u>United States v. Feola</u>, 651 F.Supp. 1068 (S.D.N.Y. 1987)

### <u>Requests With Respect To Count One - Extortion Conspiracy ¶¶ 1 through 4</u>

1.    Identify each and every extortionate act that the government claims the defendant Melicharek committed.

    a.    For each extortionate act:

        i.    Identify each victim whom the defendant Melicharek was

alleged to have "induced by the wrongful use of actual and threatened force, violence and fear," or otherwise allegedly exercised extortionate conduct towards.

    ii.    the exact manner in which each extortionate act was allegedly committed

    iii.    the date and time of the activity

    iv.    the location where the activity took place

    v.    who, other than defendant Melicharek threatened force, violence and fear

    vi.    who, other than defendant Melicharek used actual violence and force

    vii.    each victim to whom threats of force, violence and fear were made by persons other than defendant Melicharek

    viii.    each victim against whom actual force and violence were made by persons other than defendant Melicharek

    ix.    Identify who participated in the activity, including but not limited to all unindicted coconspirators

    x.    State whether it is alleged that defendant Melicharek was aware of the particular threats or acts of actual and threatened force, violence and fear.

2.    Identify specifically what "money and property" was obtained by defendant Melicharek

    a.    Identify from whom defendant obtained money and property.

    b.    Identify the date, time and place defendant obtained money and property.

3.    Identify in what way interstate commerce was obstructed, delayed and/or affected.

5.    Identity each act in furtherance of the conspiracy to extort:

14

    a.      Identify the date, time and place of each act.

    b.      Identify who participated in the activity

6.      Identify "elsewhere" as that term is used in these paragraphs

7.      Identify the "others" whose names are known to the Grand Jury.

## Requests With Respect To Count Two - Extortion ¶¶ 5 and 6

1.      Identify each and every extortionate act that the government claims the defendant Melicharek committed.

    a.      For each extortionate act:

        i.      Identify each victim whom the defendant Melicharek was alleged to have "induced by the wrongful use of actual and threatened force, violence and fear," or otherwise allegedly exercised extortionate conduct towards.

        ii.      the exact manner in which each extortionate act was allegedly committed

        iii.      the date and time of the activity

        iv.      the location where the activity took place

        v.      who, other than defendant Melicharek threatened force, violence and fear

        vi.      who, other than defendant Melicharek used actual violence and force

        vii.      each victim to whom threats of force, violence and fear were made by persons other than defendant Melicharek

        viii.      each victim against whom actual force and violence were made by persons other than defendant Melicharek

        ix.      Identify who participated in the activity, including but not limited to all unindicted coconspirators

          x.      State whether it is alleged that defendant Melicharek was aware of the particular threats or acts of actual and threatened force, violence and fear.

2.      Identify specifically what "money and property" was obtained by defendant Melicharek

      a.      Identify from whom defendant obtained money and property.

      b.      Identify the date, time and place defendant obtained money and property.

3.      Identify in what way interstate commerce was obstructed, delayed and/or affected.

4.      Identify "elsewhere" as that term is used in these paragraphs.

5.      Identify the "others" whose names are known to the Grand Jury.

## Requests With Respect To Count Three - Hobbs Act Robbery Conspiracy ¶ 7

1.      Identity each act allegedly committed by the defendant Melicharek in furtherance of the conspiracy to "break into a residence in Morris County, New Jersey and to rob the owners and occupants of cash proceeds of a business."

      a.      For each act allegedly committed in furtherance of the alleged conspiracy:

          i.      Identify each victim whom the defendant Melicharek was alleged to have conspired to rob.

          ii.      Specify the exact manner in which each act in furtherance of the conspiracy was allegedly committed

          iii.      Specify the date and time of the activity

          iv.      Specify the location where the activity took place

          v.      Identify who, other than defendant Melicharek, participated in the conspiracy, including but not limited to all unindicted coconspirators

          vi.      State whether it is alleged that defendant Melicharek was aware of the alleged conspiracy.

2.      Identify in what way interstate commerce was obstructed, delayed and/or affected.

3.      Identify "elsewhere" as that term is used in these paragraphs

4.      Identify the "others" whose names are known to the Grand Jury.

## Requests With Respect To Count Four - Possession of Firearms in Connection With Crime of Violence
## ¶ 8

1.      Specify in what manner the defendant Melicharek "used, carried, possessed and brandished a firearm, in relation to and in furtherance of a crime of violence."

      a.      For each act specified:

            i.      Detail the date, time and location of said act;

            ii.     Identify the firearm allegedly possessed by the defendant Melicharek; including the make, model, caliber, serial number and any other identifying information,

            iii.    Identify who, other than the defendant Melicharek is alleged to have used, carried, possessed and brandished firearms, including but not limited to unindicted coconspirators;

            iv.     Identify each firearm alleged to have been used, carried, possessed and brandished by persons other than defendant Melicharek at the time of the alleged incident, including the make, model, caliber, serial number and any other identifying information

2.      Identify "elsewhere" as that term is used in these paragraphs

3.      Identify the "others" whose names are known to the Grand Jury.

## Requests With Respect To Count Five - Hobbs Act Robbery Conspiracy
## ¶ 9

1.      Identity each act allegedly committed by the defendant Melicharek in furtherance of the conspiracy to "break into a residence in Orange County, New York and to rob the owners and occupants of cash proceeds of a business."

a.    For each act allegedly committed in furtherance of the alleged conspiracy:

    i.    Identify each victim whom the defendant Melicharek was alleged to have conspired to rob.

    ii.    Specify the exact manner in which each act in furtherance of the conspiracy was allegedly committed

    iii.    Specify the date and time of the activity

    iv.    Specify the location where the activity took place

    v.    Identify who other than defendant Melicharek participated in the conspiracy, including but not limited to all unindicted coconspirators

    vi.    State whether it is alleged that defendant Melicharek was aware of the alleged conspiracy.

2.    Identify in what way interstate commerce was obstructed, delayed and/or affected.

3.    Identify "elsewhere" as that term is used in these paragraphs

4.    Identify the "others" whose names are known to the Grand Jury.

**Requests With Respect To Count Six - Hobbs Act Robbery**
**¶ 10**

1.    Identity each act allegedly committed by the defendant Melicharek in furtherance of the alleged attempt and/or actual break in and robbery "in Orange County, New York, intending to rob the owners and occupants of proceeds of a business."

a.    For each act allegedly committed in furtherance of the alleged conspiracy:

    i.    Identify each victim whom the defendant Melicharek was alleged to have robbed, including but not limited to those alleged to have been present at the resident and the business in which the proceeds were allegedly taken.

    ii.    Specify the exact manner in which each act was allegedly committed

18

      iii.     Specify the date and time of the activity

      iv.     Specify the location where the alleged break in and alleged activity took place

      v.     Identify who, other than defendant Melicharek, participated in the alleged break in and robbery, including but not limited to all unindicted coconspirators

      vi.     State whether it is alleged that defendant Melicharek was aware of the alleged break in and robbery.

2.     Specify the alleged proceeds that were obtained by the defendant Melicharek.

3.     Identify who, other than the defendant Melicharek, obtained alleged proceeds, including but not limited to unindicted coconspirators;

4.     Specify the alleged proceeds obtained by those other than the defendant Melicharek;

5.     Specify each specific act of force and/or violence allegedly committed by Melicharek in the course of the alleged break in and robbery

      a.     For each act of alleged force and/or violence allegedly committed by Melicharek, identify each alleged victim;

      b.     Specify the exact manner in which defendant Melicharek allegedly engaged in force and/or violence.

6.     Identify who, other than defendant Melicharek, used or threatened force and./or violence

7.     Identify each victim to whom threats, force or violence were made by persons other than defendant Melicharek

8.     Identify in what way interstate commerce was obstructed, delayed and/or affected.

9.     Identify "elsewhere" as that term is used in these paragraphs

10.    Identify the "others" whose names are known to the Grand Jury.

**Requests With Respect To Count Seven - Possession of Firearms in Connection With Crime of Violence**
**¶ 11**

1.      Specify in what manner the defendant Melicharek "used, carried and possessed a firearm during and in relation to a crime of violence."

      a.      For each act specified:

            i.      Detail the date, time and location of said act;

            ii.      Identify the firearm allegedly possessed by the defendant Melicharek, including the  the make, model, caliber, serial number and any other identifying information

            iii.      Identify who, other than the defendant Melicharek, is alleged to have possessed firearms, including but not limited to unindicted coconspirators;

            iv.      Identify each firearm alleged to have been possessed by persons other than defendant Melicharek at the time of the alleged incident, including the make, model, caliber, serial number and any other identifying information

2.      Identify "elsewhere" as that term is used in these paragraphs

3.      Identify the "others" whose names are known to the Grand Jury.

**Requests With Respect To Count Eight - Hobbs Act Robbery Conspiracy**
**¶12**

1.      Identity each act allegedly committed by the defendant Melicharek in furtherance of the conspiracy,  "agreed with a co-conspirator not named as a defendant in this Indictment to rob the owner of a business in Manhattan."

      a.      For each act allegedly committed in furtherance of the alleged conspiracy:

            i.      Identify each victim whom the defendant Melicharek was alleged to have conspired to rob.

            ii.      Specify the exact manner in which each act in furtherance

of the conspiracy was allegedly committed

    iii.    Specify the date and time of the activity

    iv.    Specify the location where the activity took place

    v.    Identify who other than defendant Melicharek participated in the conspiracy, including but not limited to all unindicted coconspirators

    vi.    State whether it is alleged that defendant Melicharek was aware of the alleged conspiracy.

2.    Identify in what way interstate commerce was obstructed, delayed and/or affected.

3.    Identify "elsewhere" as that term is used in these paragraphs

4.    Identify the "others" whose names are known to the Grand Jury.

**Requests With Respect To Count Nine - Conspiracy -- Interstate Transportation of Stolen Property**
**¶¶ 13 through 15**

1.    Specify each and every act committed in furtherance of the alleged conspiracy to transport stolen goods.

    a.    For each act allegedly committed in furtherance of the alleged conspiracy:

        i.    Specify the exact manner in which each act in furtherance of the conspiracy was allegedly committed

        ii.    Specify the date and time of the activity

        iii.    Specify the location where the activity took place

        iv.    Identify who other than defendant Melicharek participated in the conspiracy, including but not limited to all unindicted coconspirators

        v.    State whether it is alleged that defendant Melicharek was aware of the alleged conspiracy.

2.    Specify in what manner the defendant Melicharek transported, transmitted and

transferred in interstate commerce, goods, wares, merchandise, securities and money, to wit, approximately $17,000 worth of gold coins they believed to have been stolen.

    a.    Please describe in detail:

        i.    The exact manner in which the transportation of stolen goods was allegedly committed;

        ii.    Specify the date and time of the activity

        iii.    Specify the location where the activity took place

        iv.    Identify who other than defendant Melicharek participated in the conspiracy, including but not limited to all unindicted coconspirators

        v.    Identify the alleged recipient of the gold coins

        vi.    State whether it is alleged that the intended recipient received alleged gold coins

3.    Identify in what way interstate commerce was obstructed, delayed and/or affected.

4.    Identify "elsewhere" as that term is used in these paragraphs

5.    Identify the "others" whose names are known to the Grand Jury.

Yours, etc.

BARRY LEVIN, ESQ. (BL2079)
Attorney for Defendant, JOHN MELICHAREK
600 Old Country Road, Ste. 333
Garden City, New York 11530
(516) 222-4500

BL/jlb
cc:    Mr. John Meringolo, Esq.