UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,    Indictment No. 07-Cr.-907

        v.

JOHN MELICHAREK,

        Defendant.
-------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF THE PRETRIAL MOTION OF DEFENDANT JOHN MELICHAREK TO COMPEL DISCOVERY

        BARRY LEVIN (2079)
        600 Old Country Road, Ste. 333
        Garden City, New York 11530
        516-222-4500
        *Attorney for Defendant*
        *John Melicharek*

# TABLE OF CONTENTS

**Point**             **Page No.**

**POINT ONE**

The Government Should Produce All Brady/Giglio Material And All Remaining Fed.R.Crim.P. 16 Discovery Immediately Or Well In Advance of Trial     5

A.    All Rule 16 Discovery Should be Immediately Provided     6

B.    Brady and Giglio Material Should be Provided Immediately or Expeditiously     6

C.    The Jencks Act Does Not Govern Disclosure of Witness Statements that Contain Brady or Giglio Material     8

**POINT TWO**

A.    Defendant Seeks an Order Requiring the Government's Production of a Bill of Particulars     9

B.    The Specific Acts for Which Defendant is Being Held Criminally Responsible     13

C.    The Names, To The Extent Known, Of Any Persons Present When the Acts Allegedly Took Place     13

D.    Which of Any of the Audio Recordings Made By the Government in Connection With the Investigation of the Case Contain Mr. Melicharek's Voice and if Any of Said Recordings Mention and Refer to Him     14

**POINT THREE**

The Court Should Order the Government to Reveal the Identity
of any Confidential Informants; Otherwise, the Informants Should
be Produced in Open Court for Possible Interviews with the Defense         14


**POINT FOUR**

This Court Should Direct The Government To Produce To Defense Counsel,
Reasonably In Advance Of Trial, The Identity Of Any Expert Witness
And Any And All Information, Studies And Reports Upon Which Any Expert
Witness Will Base His/Her Testimonial Opinions.                            15


**POINT FIVE**

Rule 16(a)(E) Requires the Government to Promptly Identify The
Tape Recorded Conversations it Intends to Offer in Its Case-In-Chief       17


**POINT SIX**

The Government Should Timely Disclose Specific Evidence It Intends
To Introduce Under Fed.R.Evid. 404(B)                                      18


**POINT SEVEN**

The Defendant Reserves Its Rights To File Motions In Limine                19


**POINT EIGHT**

Mr. Melicharek Adopts The Motions Of His Codefendants To The
Extent They Are Not Inconsistent With The Instant Motions                  20


**Conclusion**                                                             20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,    Indictment No. 07-Cr.-907

        v.

JOHN MELICHAREK,

        Defendant.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE PRETRIAL MOTION
OF DEFENDANT JOHN MELICHAREK TO COMPEL DISCOVERY**

<u>Introduction</u>

      This memorandum of law is submitted in support of the pretrial motion of John Melicharek. Mr. Melicharek is charged in this indictment with the following Count One (Extortion Conspiracy); Count Two (Extortion); Count Three (Hobbs Act Robbery); Count Four (Possession of a Firearm in Connection With Crime of Violence); Count Five (Hobbs Act Robbery Conspiracy); Count Six (Hobbs Act Robbery); Count Seven (Possession of a Firearm in Connection With Crime of Violence); Count Eight (Hobbs Act Robbery Conspiracy); and Count Nine (Conspiracy - Interstate Transportation of Stolen Property)

      The relief requested herein includes a request for an Order:

(1)     Directing the government to produce all <u>Brady/Giglio</u> material and all remaining Fed. R. Crim. P. 16 discovery immediately or well in advance of trial;

4

(2)   Directing the government to provide a Bill of Particulars;

(3)   Directing the government to reveal the identity of the confidential informants; otherwise, the informants should be produced in open court for possible interviews with the defense; and

(4)   Directing the government to timely disclose anticipated expert testimony.

(5)   Directing the government to timely disclose the particular recordings pertaining to the defendant that the government intends to introduce at trial;

(6)   Directing the government to timely disclose of the specific evidence it intends to introduce under Fed. R. Evid. 404(b);

(7)   For such other and further relief as to this Court may seem just and proper.

Additionally, Mr. Melicharek respectfully requests a hearing upon these motions.

The relief requested herein is absolutely necessary to assure that the defendant Melicharek has been properly charged under the indictment; that he is supplied with all evidence and documentation which the law requires the government disclose to him in preparation of his defense; that Mr. Melicharek is able to properly and timely prepare for the trial in this matter; and further, that the evidence introduced by the government at the trial of this matter be properly admissible in order for the defendant to obtain a proper and just disposition.

The defendant seeks this Court's intervention in order to clarify the government's charges against him. Despite the defendant's good faith efforts to resolve these issues with the government outside of this Court's intervention, the government has not been forthcoming. Defendant requests that the government provide all Brady/Giglio materials, and a response to the defendant's demand for a Bill of Particulars --  which the defendant is entitled in order to adequately prepare for trial.

**POINT ONE**

**The Government Should Produce All Brady/Giglio Material And All Remaining Fed.R.Crim.P. 16 Discovery Immediately Or Well In Advance of Trial**

This case involves the most serious of accusations; a conviction of the most substantial charges will likely result in a significant term of imprisonment. As such, we ask that the Court be particularly sensitive to the need for the defense to have ample time to thoroughly review, explore and exploit discovery material provided by the government. The defense requests that the Court order all Rule 16 discovery requested in defendant's formal Rule 16 (Exhibit "A") request be immediately turned over to the defense, and that the specific Brady and Giglio material requested therein be provided to the defense immediately or expeditiously.

### A.     All Rule 16 Discovery Should be Immediately Provided

Rule 16 provides for the disclosure "upon request" of (1) statements of the defendant; (2) the defendant's prior record; and (3) documents and tangible objects, within the government's possession, control or custody. Fed.R.Crim.P. 16(a)(1)(A)(B) and (C). The government has provided some Rule 16 discovery, however, this motion seeks that which has not yet been made available or the availability of which we have been unable to discern from the generalized descriptions of documents and consensual recordings provided by the government.

Additionally, the defendant has requested that the government provide a complete set of transcripts for the consensual recordings provided to the defense in the form of compact discs. To date the government has failed to provide a complete set of transcripts and have only produced six draft transcripts for the numerous hours of consensual recordings. Considering the nature of the allegations in this matter and the volume of consensual recordings, it is imperative that the government be required to produce these items reasonably in advance of trial in order to afford the defense the opportunity to properly review these materials.

### B.     Brady and Giglio Material Should be Provided Immediately or Expeditiously

It is well established that the government has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194. Equally this duty includes disclosure of information that could be used to impeach a key government witness. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972). "A prudent prosecutor will be quick to disclose

6

any information that tends to exculpate the defendant. As the representative of the Government, the prosecutor's task is not to win a case, but to see that justice is done." United States v. Franks, 11 F.Supp. 2d 322, 327 (S.D.N.Y. 1998)(court citing Berger v. United States, 295 U.S. 78,88,55 S.Ct. 629 (1935). "As significantly, generous disclosure of information helpful to the defendant will increase confidence in the outcome of the trial." 11 F.Supp.2d at 327 (court citing Kyles v. Whitley, 514 U.S. 419, 439, 115 S.Ct. 1555 (1995).

The Second Circuit has recently interpreted Brady and Giglio to require the earliest disclosure necessary for effective use by the defense, of "material, which, if not disclosed, creates a reasonable probability of altering the outcome" of trial. United States v. Coppa, 267 F.3d 132, 146 (2d Cir. 2001). Thus, under Coppa, the defense may be entitled to even the immediate discovery of exculpatory or impeachment material when later disclosure would deprive the defense of its effective use at trial. Id. at 146. Further, the Coppa Court did not divest the district courts of the discretion to fashion an appropriate disclosure order; indeed, it encouraged the "often salutary" practice of disclosing impeachment materials to the defense early in the proceedings, 267 F.3d at fn. 23, and in fact remanded that case for the district court to fashion a disclosure order it deemed appropriate "as a matter of case management." 267 F.3d at 146;  See, also United States v. Mercado, 2003 WL 21756084, *5 (S.D.N.Y. July 30, 2003)(the Government's responsibility to determine when [Giglio] material must be disclosed to permit its effective use … is subject to the authority of the Court to determine, as a matter of sound case management, when the Government shall disclose [it]" (court quoting United States v. Patterson, 2002 WL 31890950, *11 (S.D.N.Y. December 27, 2002)(case involving a three-count conspiracy indictment based on 3-months worth of electronic surveillance and various post-arrest statements of codefendants).

Sound case management compels the earliest possible disclosure in order to effectuate the government's obligation to provide Brady and Giglio material in time for the defense to use it effectively at trial, and to avoid unnecessary delays of trial. The specific and/or potential Brady and Giglio disclosure is fully set forth in defendant's formal request for Rule 16 disclosure attached hereto as Exhibit "A" . including general

7

requests for any and all Brady and Giglio materials that are in the government's possession or control or can be obtained by the government with due diligence.

The government must disclose, as well, evidence of understandings or agreements it has with officially cooperating witnesses and those witnesses who, although they may not have an official agreement with the government, may expect government favor of some kind as a result of their testimony, see Giglio, supra, 405 U.S. 150; Napue v. Illinois, 360 U.S. 264, 269 79 S.Ct. 1173 (1959); Jenkins v. Artuz, 294 F.3d 284, 292-93 (2d Cir. 2002), the criminal records of its witnesses, Turner v. Schriver, 327 F.Supp.2d 174 (E.D.N.Y. 2004)(disclosure of government witness' record of convictions required under Giglio), keeping in mind that, as "rap sheets" often do not accurately reflect either the number of convictions or the full extent of the prior convictions, early disclosure is warranted to allow the defense a full opportunity to obtain this information, and the results of any lie detector tests taken by government witnesses, Carter v. Rafferty, 826 F.2d 1299 (3d Cir. 1987) cert.denied, 484 U.S. 1011 (1988)(disclosure of results of lie detector test of key prosecution witnesses required under Brady).

More specifically, the defense requests that the government be ordered to produce to the defense the complete criminal histories for the confidential witnesses, including but not limited to Edward Cobb and Michael Visconti. United States v. Payne 63 F.3d 1200 (2d Cir. 1995); United States v. Seijo, 514 F.2d 1357 (2d Cir. 1975) Furthermore, it is respectfully requested that this Court order the government to disclose whether Mr. Cobb or Mr. Vesconti had previously worked with any state or federal law enforcement agency as a confidential informant, including but not limited to the Federal Bureau of Investigation and/or the State of New Jersey

The defense requests that this Court fashion a disclosure order that provides for the prompt provision of the requested Brady and Giglio materials.

C.   **The Jencks Act Does Not Govern Disclosure of Witness Statements that Contain Brady or Giglio Material**

The Jencks Act, 18 U.S.C. § 3500, does not preclude disclosure of a witness's

statements before the witness has testified on direct if the statements also constitute Brady and Giglio material.[1] Coppa, supra 267 F.3d at 145 The government's Brady and Giglio obligations are of constitutional dimension and override the Jencks Act to the extent that they are inconsistent with it. Id. at 145 ("It is, of course, a fundamental axiom of American law, rooted in our history as a people and requiring no citations to authority, that the requirements of the Constitution prevail over a statute in the event of a conflict.") Thus, to the extent that any statements the government must produce in compliance with Brady or Giglio also constitute §3500 statements, they may be disclosed as early as necessary for their effective use by the defense. 267 F.3d at 145

For all the foregoing reasons, it is respectfully requested that this Court order the immediate production of the enumerated outstanding Rule 16 materials and the immediate of expeditious disclosure of Brady and Giglio material.

**POINT TWO**

**A.    Defendant Seeks an Order Requiring the Government's Production of a Bill of Particulars**

The indictment provides little insight in to the specifics of the charges against the movant. The government has turned over limited discovery materials, yet the defendants are left with little more than guesswork as to particulars of the alleged conspiracy. The failure of the materials turned over to provide sufficient discovery to enable movant to prepare for trial is clear, as very little the government has made available appears to implicate the defendant. This deficiency implicates not only fundamental rules of fairness, but also potentially compromises defendant's right not to be twice placed in jeopardy. It is respectfully requested that the government be compelled to provide the particulars requested in the defendant's formal request for a bill of particulars attached hereto and made a part hereof as Exhibit "A"

**Applicable Law**

---

[1]    The Jenckns Act timetable for production, even if adhered to in the case of Brady materials, would affect only statements of witnesses and not other sources of exculpatory and impeachment information such as agency reports, information derived from persons not intended to be called as witnesses, electronic surveillance sources, criminal records and the like.

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to enable him to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bornovsky, 820 F.2d 572, 574 (2d Cir. 1987) The decision whether to order the filing of a bill of particulars is one that rests within the sound discretion of the district court. United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir 1998). A bill of particulars must be granted "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (internal quotation marks omitted.) While a bill of particulars should not be granted where the government has made sufficient disclosures concerning its evidence and witnesses by other means, Id. at 47, it is appropriately granted when the government's pre-trial discovery disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused. Bortnovsky, supra 820 F.2d at 575  Indeed if necessary to give the defendant enough information about the charges to prepare his defense, a bill of particulars will be required, even if the effect is disclosure of the government's evidence or theories. United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998); United Stats v. Davidoff, 845 F.2d 1151, 1154 (2d Cir 1988). "The test is passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare its defense and in order that prejudicial surprise will be avoided." C. Wright, Federal Practice and Procedure: Criminal § 129 (1993)

In this regard, the Second Circuit has made clear that the government "does not fulfill its obligations merely by providing mountains of documents to defense counsel who [are] left unguided" as to the nature of the charges levied against the defendant. Bortnovsky, supra 829 F.2d at 875; accord United State v. Bin Laden, 92F.Supp.2d 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government, sometimes, the large volume of material disclosed is precisely what necessitates a Bill of Particulars."); see, also United States v. Nachamie, 91 F.Supp.2d 565, 572 (S.D.N.Y. 2000); United States v. Rigas, 258 F.Supp.2d 229, 305 (S.D.N.Y. 2000).

In United States v. Hubbard 474 F.Supp. 64, 80-81 (D.C. 1979), the court ordered the government to particularize its use in the indictment of "unnecessarily vague" terms such as "various illegal and unlawful means" and additionally, to disclose a list of over acts not specified in the indictment, even if committed by coconspirators.

In United States v Taylor, 707 F.Supp. 696 (S.D.N.Y. 1989), a drug conspiracy case, Judge Kram, drawing upon the pertinent Second Circuit law, as well as the district court's decision in United States v. Feola 651 F.Supp. 1068, 1132-34 (S.D.N.Y. 1987), aff'd 875 F.2d 857 (2d Cir); cert denied 110 S.Ct. 110 (1989), granted the bill of particulars, observing that:

> "bills of particulars have been granted to require the disclosure of all persons the government will claim to have been coconspirators, to the extent known, the locations of acts set forth in the indictment and the place where the offense charged occurred."

707 F.Supp at 699. In Taylor most of the required information had already been disclosed, either in the indictment or in the supporting information. Accordingly, the court ordered the government inform the defendant of:

1. The names of all persons whom the government will claim at trial were co-conspirators, to the extent known to the government. The government is under a continuing obligation to update this material as necessary. The government need not disclose the addresses of co-conspirators, though if incarcerated that fact should be made known.

2. The dates, to the extent known, that each of the defendants allegedly joined the conspiracy.

3. The approximate dates and locations of any meetings or conversations at which the government will contend that Theodore Taylor joined the conspiracy. Exact dates shall be given if known to the government.

707 F.Supp. at 700. See also, United States v. Chen, 378j F.3d 151, 163 (2d Cir 2004) (district court did not err in only ordering government to produce a bill of particulars as to the identity of "others" whose persons, reputation and properties the indictment alleged were harmed or threatened where "extensive discovery" comprised of the above listed

11

items furnished the defense with "significant insight into the government's case"); United States v. Lino, 2001 WL 8356 *13 (S.D.N.Y. 2000)

The information provided to the defense in this case -- including the indictment and discovery -- provides no roadmap directing the defense as to how the all-important allegedly inculpatory information may be segregated from the mass of information provided.

The particulars sought herein are aimed at obtaining the most basic information required to understand that charges and avoid unfair surprise at trial. The defendant simply requests the identification of the coconspirators and date, time and place information, which is routinely provided where available. The requests for dates and times take on added significance where, as in the instant matter, the government describes the time of the defendant's alleged overt acts alleged in support of Count One (Conspiracy) as merely "In or about 2004 up to and including about February 2005". The authorities cited hereinabove amply support the defendant's right to the requested particulars. Just as importantly, the requested particularization is required as a matter of fundamental fairness, to assure unanimity of the verdict and to plead double jeopardy should similar charges be filed in the future.

Moreover, the government should be required to identify the "others" referred to in various passages of the indictment. See United States v. Orena, 32 F.3d 704, 714-15 (2d Cir. 1994); Davidoff, supra 845 F.2d at 1152; United States v. Alegria, 1991 WL 33284 *3 (S.D.N.Y. March 1991) The government should also be required to provide the names of the alleged co-conspirators and co-schemers, both those under indictment and unindicted, in the alleged conspiracies (to wit: Count One, Count Three, Count Five, Count Eight and County Nine) as well as in Count Two (Extortion) and Count Six (Hobbs Act Robbery). In analyzing a defendant's request for the names of unindicted co-conspirators and co-schemers, the factors a court should consider include:

> "(i) the number of co-conspirators; (ii) the duration and breadth
> of the alleged conspiracy; (iii) whether the government has other-
> wise provided adequate notice of the particulars; (iv) the volume
> of pre-trial discovery; (v) the potential danger to the co-conspirators
> and the nature of the alleged criminal conduct; (vi) the potential
> harm to the government investigation."

12

Nachamie, supra 91 F.Supp.2d at 572; United States v. Failla, 1993 WL 547419 at *7 (E.D.N.Y. December 1993). United States v. Feola, supra, 651 F.Supp. at 1132. Considering the contents of the instant indictment, knowing those whom the government will allege the defendant conspired with is key. In such a context defendants are "more likely to be surprised by the identity of other co-conspirators, whom [they] may never have met." Nachamie, supra 572-73

The difficulties presented by the generality of the instant indictment are further compounded by the hours and hours of consensual recordings for which no complete set of transcripts has been provided  In this regard the defense has been required to manually review hours of recordings, each containing numerous conversations among numerous individuals, many of whom have not been identified.  It is submitted that disclosure of the names of unindicted co-conspirators and co-schemers well in advance of trial will facilitate the defendant's trial preparation and allow it narrow, or at the least prioritize, its review of the recordings in this matter and avoid undue surprise at trial. See, Lino, supra, 2001 WL 8356 at *13; Bin Laden, supra at 241; Nachamie, supra, 91 F.Supp.2d at 573; United States v. Wilson, 1997 WL    (S.D.N.Y. 1997) (granting Bill of Particulars as to all persons known by the government to have conspired with the defendants as alleged in the indictment.); accord Feola, supra 651 F.Supp. at 1133; United States v. Feldman 731 F.Supp. 1189, 1200 (1990) (government required to provide names of alleged co-conspirators and names of persons allegedly aided and abetted by the defendant)

**B.      The Specific Acts for Which Defendant is Being Held Criminally Responsible**

In order to assure the defendant adequate notice of the alleged acts from which the government is seeking to hold him responsible, the government should be ordered to, at minimum, specify the date, time and place of each alleged substantive and conspiratorial act and who is alleged to have participated (if someone other than the defendant).

    **C.**    **The Names, To The Extent Known, Of Any Persons Present When the Acts Allegedly Took Place**

Consistent with the court's holding in Feola, supra 651 F.Supp. at 1134, the government should be ordered to provide "the nature, to the extent known, of any persons present when the overt and substantive acts allegedly took place." Id.

    **D.**    **Which of Any of the Audio Recordings Made By the Government in Connection With the Investigation of the Case Contain Mr. Melicharek's Voice and if Any of Said Recordings Mention and Refer to Him**

In the case at bar there are, as noted, an enormous amount of recordings  The government has not provided a draft index indicating the alleged participants of the recorded conversations. As such, the defense has had to manually review these recordings one by one. This been difficult and time consuming. To date the government has failed to provide the defense with a complete set of draft transcripts for all the recordings and the defense has been required to manually sift through an enormous amount of recordings to determine which recordings mention or refer to the instant defendant as it may pertain to the instant indictment.

In this regard, the only way for Mr. Melicharek to be afforded a full and fair opportunity to prepare his defense and avoid undue surprise is for the court to order the government to identify, to the extent is has not already done so, whether and which of the recordings contain the defendant Melicharek voice and which of any said recordings mention the defendant. See, e.g., Nachamie, supra 91 F.Supp.2d at 575 (wherein the court granted similar request)

**POINT THREE**

**The Court Should Order the Government to Reveal the Identity of any Confidential Informants; Otherwise, the Informants Should be Produced in Open Court for Possible Interviews with the Defense**

The confidential informants ("CIs") in this case possess information of obvious relevance to the ultimate issue of Mr. Melicharek's guilt vel non. Under these

14

circumstances, the identities of the CIs as well as their criminal histories should be disclosed.

The government is required to disclose the identity of an informant "[w]here the disclosure of an informant's identity, or the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . ." Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623 (1957). The Second Circuit has interpreted Roviaro to require disclosure when it is "material to the defense." DiBlasio v. Keane 932 F.2d 1038 (2d Cir. 1991) (Habeas corpus relief affirmed because of the failure to disclose the identity of a confidential informant deprived the defendant of fair opportunity to present his entrapment defense.) A defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." United States v. Saa, 859 F.2d at 1073 (quoting Untied States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984)

Knowing the identities of the confidential informants here -- alleged victims and/or co-conspirators/co-participants in the charged crimes -- is essential to the preparation of the defense of Mr. Melicharek. Undoubtedly, the testimony of, or information provided by, these individuals would be significant in determining the guilt or innocence of the defendant.

Should the Court, however, not require the government to disclose the informant's identities, then pursuant to United States v. Saa, the Court should direct the government to produce each informant in open court, in order to permit the defense to request an interview with each one. Id. supra, 859 F.2d at 1074-75

**POINT FOUR**

**This Court Should Direct The Government To Produce To Defense Counsel, Reasonably In Advance Of Trial, The Identity Of Any Expert Witness And Any And All Information, Studies And Reports Upon Which Any Expert Witness Will Base His/Her Testimonial Opinions.**

At the trial of this case, the government may call one or more witnesses to testify as non-scientific "expert witnesses." In defendant's request to the government pursuant to Rules 16 and 7 of the Federal Rules of Criminal Procedure, (attached hereto as Exhibit

15

"A") discovery letters, the defense made a' request for disclosure of the identity of the government's expert witness and related information. To the extent that any expert is permitted to testify in this case, it is respectfully requested that this Court direct the government to disclose to defense counsel the name and address of each such expert, a summary of his/her anticipated testimony, and the reports and studies or other data on which such expert testimony will rely. Timely disclosure of this information is needed to enable counsel to file a motion *in limine* prior to trial to properly restrict the scope and extent of the proposed testimony. Failing such disclosure, the witness will be free to say anything and claim the source is some confidential government document or witness, without counsel effectively confronting this testimony.

Rule 702 of the Federal Rules of Evidence allows expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. Thus, expert testimony regarding matters not beyond the general understanding of an average juror should generally be excluded. See, e.g., United States v. Cruz, 981 F.2d 659, 664 (2d Cir.1992) (expert testimony should have been excluded where it concerned narcotics operations that were not "reasonably perceived as beyond the ken of the jury"); United States v. Long, 917 F.2d 691, 701-03 (2d Cir. 1990) (expert testimony should have been excluded where it concerned the structure and operations of an illegal kickback scheme that were not beyond the ken of an average juror). For example, it is improper for an expert witness to merely parrot the testimony of other witnesses with respect to information which is certainly not beyond the ken of the average juror. See United States v. Long, 917 F.2d 691, 702 (2d Cir. 1990).

To this end, the government is barred from using experts "solely to bolster the credibility of the government's fact witnesses by mirroring their version of events." United States v. Cruz, 981 F.2d 659, 664 (2d Cir. 1992). In particular, the Cruz Court condemned the technique of having an expert state that a given set of facts is consistent with criminal behavior and then "arguing that the witnesses' version of events is consistent with an expert's description of patterns of criminal conduct." Id. Rather, the expert's testimony must deal with operations which "have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot be used solely to bolster the credibility of the government's fact witnesses by mirroring their version of

16

events." Id. See also United States v. Castillo, 924 F.2d 1227, 1231 (2d Cir. 1991); United States v. Scop, 846 F.2d 135, 139-43 (2d Cir. 1988).

In recent years, the Second Circuit has also made it clear that a case agent may not testify as an expert regarding the meanings of words and phrases used in criminal conversations where such words are "patently not drug code," United States v. Dukagjini, 326 F.3d 45, 55 (2d Cir. 2003). Nor may a case agent give expert testimony as to statements where the words or phrases at issue cannot be shown to have a "fixed meaning" within the context of the criminal activity – such as narcotics trafficking – or within the charged conspiracy. Id.; See also, United States v. Tommy Cruz, 363 F.3d 187, 196 (2d Cir. 2004) (finding that "expert witness called on to testify about the meaning of narcotics codes strays from the scope of his expertise when he interprets ambiguous words or phrases and there is no evidence that these terms were drug codes").

Rule 16(a)(1)(G), of the Federal Rules of Criminal Procedure provides that, upon defendant's request, "the government must give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .The summary provided under this subparagraph must describe the witnesses' opinions, the basis of the reasons for those opinions, and the witness's qualifications." The Rule permits the opposing party to determine, prior to trial, whether the proposed witness meets the qualifications of an expert within the meaning of the Federal Rules of Evidence. It is, therefore, respectfully requested that the government be directed to provide the requested information to the defense.

**POINT FIVE**

**Rule 16(a)(E) Requires the Government to Promptly Identify The Tape Recorded Conversations it Intends to Offer in Its Case-In-Chief**

Rule 16(a)(E) of the Federal Rules of Criminal Procedure, requires the government make available the tangible items of proof it intends to offer at trial. Since this matter is predicated on hours of consensual recordings, they are certainly physical items the government will offer into evidence at trial. Although the government has produced numerous hours of recorded conversations, absolutely no particularization has

been provided as to which recordings it intends to offer at trial. Moreover, considering the issues raised by the defense with respect to its request for an audibility hearing, it is even more essential that the government provide specific information with respect to what will be offered at trial *reasonably in advance of trial to offer the defense an opportunity to review same.* The defense offers that it would need in excess of six weeks to review the government's production, not only to access its content, but also for purposes of potential audibility issues requiring a hearing.

      Regardless of whether this information is produced by the government under Rule 7 or Rule 16 of the Federal Rules of Criminal Procedure, the purpose of disclosure is to avoid undue surprise and enable the defense to adequately prepare for trial. Just as a "discovery dump" of enumerable documents will not be deemed to satisfy the government's discovery obligations, so too the mere production of hours of recordings without identifying those intended for use at trial will not satisfy the government's obligations.

**POINT SIX**

**The Government Should Timely Disclose Specific Evidence It Intends To Introduce Under Fed.R.Evid. 404(B)**

      The defendant requests that the government give notice under Fed.R.Evid.404(b), with reasonable specificity, of any evidence it intends to introduce under that section. Such disclosure should be made as soon as possible, to permit the defense to make any appropriate motions under Fed.R.Evid.104 or otherwise, and to permit adequate investigation of charges that may require minitrials if the conduct is disputed.

      Second Circuit precedent supports early disclosure of "other crimes" evidence. In United States v. Baum, 482 F.2d 1325 (2d Cir. 1973), the defendant was charged with possessing stolen property. At trial, damaging evidence of Baum's previous receipt of stolen property was introduced. The defense, which had not previously been provided notice of this evidence, requested a continuance, which was denied. Baum was convicted and he appealed. The circuit reversed. While the evidence was admissible, said the court, the government's failure to give pre-trial notice of the evidence was improper, as there were "no valid considerations to justify the concealment…" 482 F.2d at 1331. Repeating

language first used in United States v. Kelly, 420 F.2d 26, 29 (2d Cir.1969), the court concluded.

> "The course of the government smacks too much of a trial by ambush in violation of the spirit of the rules."

Rule 404(b) contemplates disclosure of "other crime evidence" prior to trial:

> " . . . provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The applicable Committee Notes provide that the 1991 Amendment, authorizing disclosure, "is *intended to reduce surprise and promote early resolution* on the issue of admissibility" (emphasis added).

> "The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written notice of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5) (notice of intent to use residual hearsay exceptions)."

Given the breadth of the government's case the immediate disclosure of other crimes evidence is requested in order to facilitate an orderly trial of this matter and to avoid "minitrials" during the course of the trial of these charges. We ask that such disclosures be made regardless of whether the government ultimately considers such evidence to be admissible under Fed. R. Evid. 404(b) or as conspiratorial conduct. Absent any proper reason to avoid immediate disclosure, the government's only motive to delay would appear to be "trial by ambush"- a motive that should not be countenanced.

**POINT SEVEN**

**The Defendant Reserves Its Right To File Motions In Limine**

Should this Court grant the defendant's request that the government provide the defendant with the identities of co-conspirators, the defendant respectfully reserves his right to file pretrial motions in limine with respect to the introduction of co-conspirators' statements pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

Furthermore, the defendant respectfully requests the opportunity to supplement his motions, if necessary, in response to any disclosure or information obtained from the government as a result of this Court granting the relief requested herein.

**POINT EIGHT**

**MR. MELICHAREK ADOPTS THE MOTIONS OF HIS CODEFENDANTS TO THE EXTENT THEY ARE NOT INCONSISTENT WITH THE INSTANT MOTIONS**

**CONCLUSION**

For all of the foregoing reasons, Defendant Melicharek requests that his motion be granted in its entirety.

Dated: Garden City, New York
February 6, 2008

Most respectfully submitted,

_____
Barry Levin (2079)
600 Old Country Road, Ste. 333
Garden City, New York 11530
516-222-4500
*Attorney for Defendant, John Melicharek*