USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/29/08

LAW OFFICES
BARRY LEVIN
SUITE 333
600 OLD COUNTRY ROAD
GARDEN CITY, NEW YORK 11530

(516) 222-4500
FACSIMILE (516) 228-8120

BARRY LEVIN

JEANNIE L. BERGSTEN

WRITER'S DIRECT LINE

(516) 222-4502

February 25, 2008

RECEIVED CHAMBERS
FEB 26 2008
JUDGE

Hon. Shira A. Scheindlin
United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: United States v. John Melicharek, 07-Cr.-907 (S-1)

Dear Judge Scheindlin,

On behalf of Mr. Melicharek I write to respectfully request that the Court reconsider its denial of Mr. Melicharek's request to return to work as set forth in our letter of February 8, 2008. As stated therein, Mr. Melicharek's family is facing severe financial hardship as a result of his current circumstances.

The government in their letter of February 20, 2008 states that Mr. Melicharek recently received $100,000.00 in his bank account from "unknown sources". The government's implication is that Mr. Melicharek had received funds from an illicit source. Such is not the case.

Prior to Mr. Melicharek's bail hearing of December 12, 2007, Mr. Melicharek and his wife obtained a home equity loan in the sum of $200,000.00. The purpose of this loan was to allow Mr. Melicharek to consolidate their outstanding financial obligations and to obtain funds to procure counsel.

The government's allegations that those funds were from an unknown source is a misunderstanding of the documents which were provided to the government in advance of Mr. Melicharek's release on bail. In fact, when the defendant appeared before the United States Attorney's Office to document the source of the funds and property offered for Mr. Melicharek's bail, Sandra Melicharek specifically informed the AUSA of the source of the funds in question and provided documents supporting her re[presentations.

Upon further consideration and after consulting with the Southern District Pre-Trial Services Office I hereby amend the conditions of Mr. Melicharek's pre-trial release to allow him to work at a

(handwritten, right margin) ...located job site in New Jersey on Monday through Friday 7 a.m. to 5 p.m. subject to GPS tracking. So Ordered: Copy given to USPO 2/28/08

At that time the government accepted the Melicharek's representations. The government's present allegation that the funds came from an unknown source is disingenuous. Mr. Melicharek has not received any funds from any source whatsoever since his incarceration.

Moreover, I've had an opportunity to speak with the defendant's Pretrial Services Officer Kenneth Rowan who has informed me that Pretrial Services has supervision strategies in place that would allow Mr. Melicharek to return to work at the job site located at the entrance ramp to the Holland Tunnel, New Jersey Turnpike, Jersey City, New Jersey for the approximate six-month period the work is scheduled to continue. Mr. Melicharek seeks to work 7:00 a.m. until 3:00 p.m. each day, Monday through Friday, and would be confined to that particular job site. Officer Rowan further advised that he would have no objection to supervising Mr. Melicharek on a daily basis should the defendant be allowed to return to work.

Lastly, as set forth herein, Mr. Melicharek and his family are facing financial hardship. Allowing Mr. Melicharek to return to work will allow his family to maintain their home and support their two minor children.

For all the reasons set forth hereinabove, it is most respectfully requested that Your Honor reconsider its decision of February 21, 2008 denying Mr. Melicharek's request to return to work.

Most respectfully submitted,

BARRY LEVIN (BL2079)

BL/jlb
Enc.
cc: AUSA Elie Honig
Pretrial Services Officer Ken Rowan X
All defense counsel