UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                 :

UNITED STATES OF AMERICA,           :

            - v.-                                  :

JOHN MELICHAREK,                    :        S1 07 Cr. 907 (SAS)
        a/k/a "Rocky," and
ENED GJELAJ,                             :
        a/k/a "Neddy,"                     :

                   Defendants.            :

------------------------------------------------------x

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

                                                                 MICHAEL J. GARCIA,
                                                                 United States Attorney for the
                                                                  Southern District of New York,
                                                                   Attorney for the United States
                                                                       of America.

ELIE HONIG
LISA ZORNBERG
Assistant United States Attorneys

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                 :

UNITED STATES OF AMERICA,         :

            - v.-                                 :

JOHN MELICHAREK,                 :         S1 07 Cr. 907 (SAS)
       a/k/a "Rocky," and          :
ENED GJELAJ,
       a/k/a "Neddy,"               :

                Defendants.         :

------------------------------------------------------x

### GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

        The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.  These requests apply to the first trial, of Counts Three through Nine, only.  The Government will submit  separate requests with respect to the second trial, of Counts One and Two.

        The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of, or against, either the Government or the defendant.

**A.**    <u>**Introduction**</u>

        This is a criminal case.  The defendants, JOHN MELICHAREK, a/k/a "Rocky," and ENED GJELAJ, a/k/a "Neddy," have been charged with the commission of federal crimes in

an Indictment filed by a grand jury sitting in this district.

The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges so that we can determine whether there is anything about the charges that would make it impossible for you to sit as a fair and impartial juror.

The Indictment charges the commission of numerous crimes by the defendants, which I will now summarize for you. The charges have been labeled Counts Three through Nine. The numbering of the Counts is not relevant to your consideration of this case.

Count Three of the Indictment charges that, in or about September 2003, defendants JOHN MELICHAREK, a/k/a "Rocky," and ENED GJELAJ, a/k/a "Neddy," conspired to commit a robbery. Specifically, the Indictment charges that MELICHAREK, GJELAJ, and others agreed to break into a residence in Morris County, New Jersey, and to rob the owners and occupants of cash proceeds of a business.

Count Four of the Indictment charges that, on or about September 28, 2003, MELICHAREK and GJELAJ used, possessed, or carried a firearm in connection with the robbery conspiracy charged in Count Three.

Count Five of the Indictment charges that, in or about October 2003, MELICHAREK, GJELAJ, and others conspired to commit robbery. Specifically, the Indictment charges that MELICHAREK, GJELAJ, and others agreed to break into a residence in Orange County, New York, and to rob the owners and occupants of cash proceeds of a business. Count

Six of the Indictment charges that, on or about October 19, 2003, MELICHAREK and GJELAJ attempted to commit robbery. The Indictment charges specifically that MELICHAREK, GJELAJ,a nd others broke into a residence in Orange County, New York, intending to rob the owners and occupants of cash proceeds of a business.

Count Seven of the Indictment charges that, on or about October 19, 2003, MELICHAREK and GJELAJ used, possessed, or carried a firearm in connection with the robbery conspiracy and robbery attempt charged in Counts Five and Six.

Count Eight of the Indictment charges that, in or about October 2005, MELICHAREK conspired with others to commit robbery. The Indictment specifically charges that MELICHAREK agreed with others to rob the owner of a business in Manhattan.

Count Nine of the Indictment charges that, in or about October 2005, MELICHAREK conspired with others to transport stolen property across state lines. Specifically, the Indictment charges that Melicharek agreed with another individual to transport and transfer in interstate commerce approximately $17,000 worth of gold coins that he believed to have been stolen.

Does any juror have any personal knowledge of the charges in the Indictment in this case? Has any juror read or heard anything about this case? If so, is there anything such a juror has read or heard that would cause him or her to feel that he or she cannot decide the fact issues of this case fairly and impartially?

B.  **Nature of the Charges**

During the trial, you will hear evidence regarding home invasion robberies in the course of which occupants of the home were tied up and, in certain cases, physically injured. You will also hear evidence about the possession and use of guns in furtherance of the robberies, and about the transportation of stolen property.

Does the fact that the charges involve violence or make it difficult for any of you to render a fair verdict?

Does the fact that the charges involve robbery, gun possession, and the transportation of stolen property, make it difficult for any of you to render a fair verdict?

Has any juror, member of the juror's family, or a juror's close friend, ever been robbed, or had your/their home robbed. Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

Has any juror, member of the juror's family, or a juror's close friend, ever been the victim of a crime of violence, or gun use. Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

Do any of you have an opinion about the authority or right of the Government to enforce the laws prohibiting robbery or gun possession in furtherance of other crimes, that would affect your ability to be fair and impartial in this type of case?

Do any of you feel, for any reason, that you could not view fairly and impartially a case involving the charges in this case?

C.  **Knowledge of the Trial Participants**

Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendants, JOHN MELICHAREK, a/k/a "Rocky," and/or ENED GJELAJ, a/k/a "Neddy," or with any relative, friend or associate of the defendants?

The defendant JOHN MELICHAREK is represented by his attorney, Barry Levin, Esq.  Do any of you know this lawyer, or his law firm, and have you had any dealings, either directly or indirectly with him?

The defendant ENED GJELAJ is represented by his attorney, David Stern, Esq., of the law firm Rothman, Schneider, Soloway and Stern.  Do any of you know this lawyer, or his law firm, and have you had any dealings, either directly or indirectly with him?

The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Michael J Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Elie Honig and Lisa Zornberg.  Also at the Government's table is John LaRaia, a Special Agent with the FBI, and Bill Quandt, a Task Force officer with the FBI, and at times Andrew Beaty, a paralegal with the U.S. Attorney's Office.  Do you know any of these individuals?  Have you had any dealings either directly or indirectly with any of these individuals?

Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following individuals who may be called as witnesses or whose names may come up during the trial, and the following places which may be mentioned during trial?

[The Government will provide the Court with a list of its

6

prospective witnesses and other names and places that may be mentioned during the trial. The Court also is requested to read the names of witnesses included on the Defendant's list, if any.]

**D.      Relationship With Government**

Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York, or the FBI? Is any member of your family employed by any federal department or agency, any law enforcement agency, or any regulatory agency, whether federal, state or local?

Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the FBI or any other law enforcement or regulatory agency?

Have you, or any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, or of the FBI, or had any interest in any such legal action or dispute or its verdict?

**E.      Prior Jury Service**

Have you ever, at any time, served as a member of a grand jury, whether federal, state, county or city court?

Have you ever served as a juror in a trial in any court? If so, when and in what court did you serve and was it a civil or criminal case? Did the jury reach a verdict?

**F.**     **Experience as a Witness, Defendant, or Crime Victim**

Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigations by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

Have you ever been a witness or a complainant in any prosecution, state or federal?

Are you, or any family member, to your knowledge, now under subpoena or about to be subpoenaed in a criminal case?

Have you, any member of your family, business associate or close friend, ever been charged with a crime?

Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state, or by any Congressional committee?

Has any juror, or friend or relative of any juror, ever been a victim of a fraudulent scheme?

Has any juror, or friend or relative of any juror, ever been a victim of any crime?

**G.**     **Witnesses and Investigative Techniques**

<u>Law enforcement witnesses</u>.  The witnesses in this case will include law enforcement personnel, such as special agents of the FBI and officers and detectives of certain police departments.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

Cooperating Witnesses. You will hear testimony by and about the use of cooperating witnesses in this case; that is, you will hear testimony from individuals who were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government. I advise you that the use of cooperating witnesses is a legal and often necessary law enforcement tool. Do you have any general feeling about the Government's use of cooperating witnesses that would make it difficult for you to render a wholly fair and impartial verdict? Would you have any bias for or against the Government because of evidence obtained in this manner?

Recorded Conversations. You will hear evidence in the form of tape recordings of conversations that were obtained without the knowledge of one of the parties to the conversations. The use of these procedures to gather evidence is perfectly lawful, and the Government is entitled to use the tape recordings in this case. Do you have any feelings about the use of recorded conversations that would make it difficult for you to render a fair and impartial verdict?

Persons not on trial. You might hear evidence in this trial of criminal activity committed by people other than the defendants. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the trial defendants from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any

juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

**H.      Organized Crime**

You may hear as part of the Government's case that the defendants and other participants in the charged crimes allegedly are members or associates of organized crime, which is sometimes known as "La Cosa Nostra" or the "Mafia," specifically the Genovese Organized Crime Family.  Will the simple fact that the defendants are allegedly members or associates of organized crime make it difficult for you to fairly and impartially decide whether a defendant is guilty or not guilty in this case?

Do you (or any of your relatives or close friends) know anyone or have you ever had contact with anyone reputed to have ties to organized crime, or to the Genovese Organized Crime Family?

**I.      Individual Questions for Each Juror**

The Government respectfully requests that the Court ask each juror to state the following information with respect to the juror's general background:

    (a) the juror's occupation and educational background;

    (b) the name and general location of the juror's employer;

    (c) the period of employment with that employer;

    (d) the nature of the juror's work;

  (e)  the same information concerning other employment within the last five years;

  (f)  the same information with respect to the juror's parents, spouse and any working children, and siblings;

  (g)  the area in which the juror resides and how long they have resided there (the Government respectfully requests that the jurors not be asked their exact address); and

  (h)  the newspapers and magazines the juror reads regularly.

In addition, if appropriate, the Government respectfully requests that each juror be individually polled regarding union membership; receipt of union benefits; and experience in or with the construction industry.

**J.**  **General Questions for the Panel**

Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?

Is any juror taking any medication which would prevent him or her from giving full attention to all of the evidence at this trial?

Does any juror have any difficulty in reading or understanding English?

The trial in this case is expected to last approximately two weeks. Arrangements will be made for any holidays. Is there anything about the length of the trial that would make it an extreme hardship for you to serve as a juror?

**K.**  **Function of the Court and Jury**

The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your

instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty?

Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or non-guilt of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or non-guilt of the defendant?

It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

Do any of you have any religious, philosophical or other beliefs which would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, does any juror have the slightest doubts in his or her own mind, for any reason whatsoever, about his/her ability to conscientiously, fairly, and impartially serve in this case and

to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

L. **Requested Instruction
Following Impanelling of the Jury**

From this point on until you retire to deliberate your judgment, it is your duty not to discuss this, and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing, about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me. In this regard, let me explain to you that attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so. So if you should see any of them outside this Courtroom they will, and should, ignore you. Please do not think that they are being rude or discourteous. They will only be acting properly by doing so.

Dated:   New York, New York
         June 13, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

         By:   _____
               ELIE HONIG
               LISA ZORNBERG
               Assistant United States Attorneys
               212-637-2474/2720

CERTIFICATE OF SERVICE

ELIE HONIG deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on June 13, 2008, he served a copy of the attached Government's Proposed Voir Dire by ECF and Fed Ex, on:

**Barry Levin**
600 Old Country Road, Suite 333
Garden City, NY 11530
(516) 222-4500

**David Stern**
 Rothman, Schneider, Soloway & Stern
100 Lafayette Street, Suite 501
New York, NY 10013
(212) 571-5500

**Daniel Welsh**
551 Summit Avenue
Jersey City, NJ 07306
(201) 798-4100

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Section 1746.

Dated:     New York, New York
           June 13, 2008

_____
ELIE HONIG