LAW OFFICES

# BARRY LEVIN

Suite 333
600 Old Country Road
Garden City, New York 11530
-----
(516) 222-4500
FACSIMILE (516) 228-8120

BARRY LEVIN                                                          WRITER'S DIRECT LINE
----------                                                           --------
JEANNIE L. BERGSTEN                                                  (516) 222- 4502

August 28, 2008

Hon. Shira A. Scheindlin
United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: <u>United States v. John Melicharek</u>, 07-Cr.-907 (S-1)

Dear Judge Scheindlin,

     This sentencing memorandum is respectfully submitted on behalf of the defendant, John Melicharek, to apprise the court of the person who is being sentenced before you. As stated more fully herein, it is respectfully submitted that there is more to Mr. Melicharek's character than that which is reflected in the serious charges for which he has pled guilty. The defendant's past good acts and other factors as described herein, warrant consideration of a minimum sentence after consideration of all factors set forth in 18 U.S.C. § 3553 (a).

## BACKGROUND

     On June 20, 2008, the defendant, Mr. Melicharek entered into a plea agreement with the government and pled guilty to Counts 1 (Conspiracy to Commit Hobbs Act Extortion), Count 3 (Conspiracy to Commit Hobbs Act Robbery) and Count 7 (Using, Carrying and Possessing a Firearm in Furtherance of a Crime of Violence) under Indictment 07-Cr.-907. The sentencing of the defendant herein is scheduled for September 17, 2008.

     Mr. Melicharek has voluntarily pled guilty for his involvement in the Counts as described herein in the instant Indictment. He has admitted his part in these crimes and has accepted responsibility for his participation, alleviating the need for a costly and protracted trial.

     It is also noteworthy that although Mr. Melicharek was aware of the serious charges he faced in the instant Indictment approximately one year prior to his arrest on October 10, 2007, he never made any attempt to flee or avoid facing his pending prosecution, but rather remained at home with his family and continued to work to support them. Likewise, Mr. Melicharek has been steadfastly compliant with the conditions of his bail and home confinement.

It is clear as evidenced by the great outpouring of support via the numerous character reference letters submitted on his behalf in this matter, that Mr. Melicharek is a hard working individual who is strongly devoted to the care and support of his wife and children. He has strong ties to his community and is well respected by his peers. Through his hard work and dedication, Mr. Melicharek's good works have left a lasting impression on those who have known him.

## **MR. MELICHAREK HAS BEEN A PRODUCTIVE AND WELL REGARDED MEMBER OF THE COMMUNITY**

With the exception of the instant matter, Mr. Melicharek has been a well-respected and valuable member of his community. Over the years Mr. Melicharek has been involved in the community and has donated his time and money in assisting his community, his neighbors and family.

Mr. Melicharek has generously provided financial support, as well as time to the local sports organizations in his neighborhood and has been instrumental in supporting both the Little League and the town junior football program. As reflected by the correspondence of Mr. Robert Palm, President of Glen Rock High School Booster Club, attached hereto as Exhibit "A", Mr. Melicharek has been personally involved in supporting the organization and young players and has taken a hands-on approach in assisting others. Mr. Palm wrote, "At the end of every football season, it was John who personally organized and sponsored a coach's appreciation dinner. Over the years this became an event that the coaches and parents truly looked forward to and it has become a welcome tradition in the youth football program ever since."

Likewise, Mr. Melicharek's neighbors have found him to be dependable and one they could look to when they were in need of assistance. As set forth in the correspondence of the defendant's neighbor, Mr. Clifford Rinbrand, Mr. Melicharek would always be available to lend a hand. Mr. Rinbrand stated,

> "Whenever I needed a hand putting up rock walls, putting the deck on my house, taking down trees, putting up a swing set, moving furniture, etc. he was always right there to give me a hand. He also watched out for my house and family, when we were away. He has mopped our basement during a nor'easter while we were away, rounded up our dog when she got loose and could always be counted on to drop everything and help out in a time of need."

See, correspondence attached hereto as Exhibit "B".

## MR. MELICHAREK'S INCARCERATION WILL CREATE A SUBSTANTIAL HARDSHIP TO HIS FAMILY

Additionally, as set forth in the numerous letters from Mr. Melicharek's immediate family, attached hereto as Exhibit C", Mr. Melicharek is instrumental in the care and support of his wife and children. He has always taken an active role in raising his children and is tremendously devoted to his family. Mr. Melicharek is a fixture at his sons' sporting events and was readily available to take over the household duties for his wife to support her education and pursuit of a career in Special Education. As set forth so eloquently in the correspondence of Mr. Melicharek's son, Paul, "Memories that *are* (sic) dearest to me and are the backbone of why I need my father to come home soon is hearing his distinct and meaningful voice in the stands of my football games, cheering me on and keeping me going on the field and indirectly, in my life." See, correspondence of Paul Melicharek, attached hereto as Exhibit "C"

Likewise, Mr. Melicharek's incarceration will create a tremendous financial burden on his family, leaving only his wife to support his family. Mrs. Melicharek and children are already facing the hard reality that they may lose their home due to the loss of Mr. Melicharek's portion of their household income. The loss of Mr. Melicharek's long-term employment with the Ironworkers will be a significant economic strain on his family. See, Correspondence of Mrs. Melicharek attached hereto as Exhibit "D"

## THE DEFENDANT'S SUBSTANCE ABUSE

Unfortunately, Mr. Melicharek's shortfalls have emanated from a longstanding problem with drugs and alcohol. As set forth in the Pre-Sentencing Report (See, pg. 21, para.110 - 112), Mr. Melicharek has struggled with drug and alcohol dependency since he was a pre-teenager. Mr. Melicharek's alcohol use has been prevalent up until his arrest in October 2007. Although Mr. Melicharek has made efforts to address his problems, having attended Alcoholics Anonymous meetings in 1989 and early 2000, as set forth in the letter of Mr. Joseph Peconia, who attended AA meetings with Mr. Melicharek, "John unfortunately is paying a very big price for his drinking." See, Correspondence attached hereto as Exhibit "E".

It is most respectfully requested that Your Honor, in considering Mr. Melicharek's sentence, recommend that the Bureau of Prisons designate Mr. Melicharek to a facility that offers a residential drug abuse treatment program (RDAP), specifically, FCI Fort Dix, New Jersey, in order for Mr. Melicharek to obtain the support he requires to address his substance abuse problems and work towards rehabilitation.

As set forth in United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006), the court suggested that the Sentencing Guidelines had no greater weight than any other single factor under 18 U.S.C. § 3553(a). In the numerous decisions post United States v. Booker, 543 U.S. 220 (2005), it has been set forth that sentencing courts should look to the relevant guidelines in conjunction with other traditional sentencing factors and thereafter impose a reasonable sentence in light of all the facts and circumstances of the particular case.

**CONCLUSION**

  Your Honor's leniency is most respectfully requested in light of Mr. Melicharek's past good acts and contributions to the community and his voluntary plea of guilty in this matter. The imposition of a long sentence would impose a severe hardship on Mr. Melicharek's wife and children, who themselves have become victims in this matter. It is most respectfully requested in consideration of the above and, in Your Honor's most respected discretion, that the court exercise its judicial discretion in rendering an appropriate sentence that will both fulfill its obligation under the law and provide Mr. Melicharek and his family the earliest opportunity to reunite. Likewise it is most respectfully requested that Your Honor recommend that the Bureau of Prisons designate Mr. Melicharek to a facility, which offers a residential drug abuse treatment program (RDAP), specifically, FCI Fort Dix, New Jersey.

            Most respectfully submitted,

            BARRY LEVIN (2079)
            Attorney for defendant, John Melicharek
            600 Old Country Road, Ste. 333
            Garden City, New York 11530
            516-222-4500

cc:  AUSA Elie Honig
    USPO Johnny Y. Kim