Case 1:07-cr-00907-LGS   Document 254   Filed 03/22/21   Page 1 of 3



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. John Melicharek*, 07 Cr. 907 (LGS); 09 Cv. 8542 (LGS); 21 Civ. 1116 (LGS)

Dear Judge Schofield:

    The Government writes to respectfully request a stay of briefing in the above-captioned case. By Order dated February 18, 2021, this Court directed the Government to respond within sixty days to the defendant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C § 2255 (the "2255 Motion").  The defendant was convicted of, among other things, using a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Section 924(c).  The defendant now argues that the Section 924(c) predicate offenses, which are either conspiracy to commit Hobbs Act Robbery or attempted Hobbs Act Robbery, are no longer valid predicate offenses. On or about February 3, 2021, the Second Circuit issued a mandate granting the defendant leave to file a second or successive 2255 Motion and noted that "we leave to the district court, in the first instance, the factual issue of whether the second § 924(c) predicate was a completed Hobbs Act robbery or attempted Hobbs Act robbery and, if the latter, the legal issue of whether attempted Hobbs Act robbery remains a valid § 924(c) predicate."  (Dkt. 247 in Case No. 07 Cr. 907 (LGS)).

    In light of the nature of the relief the defendant seeks, the Government respectfully requests a two-month stay in the above-captioned habeas proceedings, pending the resolution of several potentially relevant Second Circuit appeals addressing the precise question raised in the defendant's Section 2255 petition, namely, whether an attempted Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A)'s force clause.  Several of those appeals—*United States v. McCoy*, No. 17-3515 (argued Oct. 23, 2019), *United States v. Collymore*, No. 19-0596 (argued June 1, 2020), *United States v. Darren Morr*is, Dkt. No. 16-6 (argued on June 25, 2020), *United States v. McIntosh*, No. 14-1908 (argued Oct. 15, 2020), *United States v. Cheese*, No. 20-923 (argued Dec. 4, 2020), *Simmons v. United States*, No. 20-11 (argued Dec. 4, 2020), *United States v. Waite*, No. 18-2651 (argued Mar. 1, 2021), *Hidalgo v. United States*, No. 18-2703 (to be argued Mar. 23, 2021), *United States v. Jackson*, No. 19-13 (to be argued Apr. 7, 2021), *Savoca v. United States*, No. 20-1502 (to be argued Apr. 8, 2021), *United States v. Culbert*, No. 20-1286 (briefing stayed), *Pica v. United States*, No. 20-1272 (briefing stayed), *Crowder v. United States*, No. 19-3887 (briefing

Honorable Lorna G. Schofield
March 9, 2021

stayed) —have been argued or are scheduled for argument and remain pending before the Second Circuit.[1]

---

[1] Notably, four circuit courts to have directly addressed the question have held that attempted Hobbs Act robbery *is* a crime of violence under Section 924(c)(3)(A)'s force clause. *See United States v. Walker*, No. 15-4062, 2021 WL 833994 (3d Cir. Mar. 5, 2021); *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018). One circuit court has concluded that attempted Hobbs Act robbery is not a crime of violence. *See United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). Moreover, the vast majority of district courts to have confronted the issue have concluded that attempted Hobbs Act robbery is a crime of violence, both before and after the Supreme Court's decision invalidating Section 924(c)(3)(B)'s "risk-of-force clause" in *United States v. Davis*, 139 S. Ct. 2319 (2019). *See, e.g., Crowder v. United States*, No. 05 Cr. 67 (CM), 2019 WL 6170417, at *3 (S.D.N.Y. Nov. 20, 2019) (holding that "a defendant who takes a 'substantial step' toward committing an inherently violent offense—such as Hobbs Act robbery—has at least 'attempted' or 'threatened' the use of force within the meaning of Section 924(c)(3)(A)"); *Simmons v. United States*, No. 08 Cr. 1133 (AKH), 2019 WL 6051443, at *4 (S.D.N.Y. Nov. 15, 2019) (holding that "[t]aking a substantial step toward completion of . . . a [Hobbs Act] robbery categorically involves the attempted or threatened use of force" and observing that "attempts to commit crimes of violence are themselves crimes of violence"); *United States v. Robinson*, No. 16 Cr. 545 (ADS), 2019 WL 5864135, at *5 (E.D.N.Y. Nov. 8, 2019) (holding that "[p]lacing [attempted Hobbs Act robbery] outside the reach of Section 924(c) would run afoul of the plain language of the statutes at issue, as well as analogous Second Circuit case law"); *United States v. Jefferys*, No. 18 Cr. 359 (KAM), 2019 WL 5103822, at *7-*8 (E.D.N.Y. Oct. 11, 2019) (holding that "attempted Hobbs Act robbery constitutes a crime of violence under § 924(c)'s elements clause" and noting, among other things, that this Court has "indicated that where a substantive offense is a crime of violence under 924(c), an attempt to commit that offense similarly qualifies under the elements clause"); *United States v. Edwards*, No. 03 Cr. 204 (JAG), 2019 WL 3347173, at *3 (E.D. Va. July 25, 2019) (finding that "attempted Hobbs Act robbery . . . serves as a valid basis for the § 924(c) violation," because "[l]ike completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'at-tempted use' of force"); *United States v. Richardson*, No. 3:13-CR-115, 2019 WL 3347177, at *3 (E.D. Va. July 25, 2019) (same); *Banks v. United States*, No. 2:09-CR-20491, 2019 WL 3225723, at *2 (W.D. Tenn. July 17, 2019); *Jones v. Warden*, FMC Lexington, No. 5:18-CV-465-CHB, 2019 WL 3046101, at *1, 4 (E.D. Ky. July 11, 2019); *United States v. Johnson*, No. 2:12-CR-00336 (JAD), 2018 WL 3518448, at *4 (D. Nev. July 19, 2018) ("Because completed Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, attempted Hobbs Act robbery also qualifies as a crime of violence, as the force clause encompasses the attempted or threatened use of force."); *United States v. Crawford*, No. CIV-16-752-M, 2018 WL 1123879, at *2 (W.D. Okla. 2018) ("[T]he Court finds that attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause."); *Chatfield v. United States*, No. 16-22591-CIV, 2017 WL 1066776, at *11 (S.D. Fla. Mar. 2, 2017), report and rec. adopted, No. 09-20870-CR, 2017 WL 1066779 (S.D. Fla. Mar. 21, 2017) ("It seems clear that an attempted Hobbs Act robbery qualifies as a 'crime of violence' under the 'use of force' clause of 924(c), just as a Hobbs Act robbery does."); *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050–51 (N.D. Cal. 2016) ("Attempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause explicitly encompasses *attempted* use of physical force . . . .")

Honorable Lorna G. Schofield
March 9, 2021

    Because the exact issue presented in this case is likely to be decided by the Second Circuit in the near future, the Government seeks a stay of the instant habeas proceedings. The prospect of a Second Circuit decision bearing on the merits of the defendant's claims weighs in favor of a stay. *See United States v. Skyfield*, No. 11-CR-912 (JFK) (Oct. 1, 2020) (staying a habeas proceeding pending the Second Circuit's resolution of whether attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *Wang v. United States*, No. 13-CV-3524 DLI, 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015) (staying habeas proceedings pending the disposition of a Supreme Court case involving "the same question of law," in the interest of "judicial economy"); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

    Accordingly, the Government respectfully requests that briefing on the instant 2255 petition be stayed pending the Second Circuit's decisions in the pending cases regarding wither attempted Hobbs Act robbery constitutes a valid 924(c) predicate offense. The Government further respectfully requests that the Court set a deadline for a status update letter from the Government in approximately two months' time.

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney

                   By: _____
                                        Brandon D. Harper
                                        Assistant United States Attorney
                                        (212) 637-2209

The application is **DENIED** and the Government shall file any opposition by **April 19, 2021**, pursuant to the Court's February 18, 2021, Order (21 Civ. 1116, Dkt. No. 4). The Second Circuit's March 1, 2021, Opinion in *Collier v. United States*, No. 17-2402, 2021 WL 771689 (2d Cir. Mar. 1, 2021), in combination with prior opinions addressing "crimes of violence" that can serve as a predicate for a conviction pursuant to 18 U.S.C. § 924(c), *see, e.g.*, *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2021), provide guidance to address Mr. Melicharek's petition. By **March 23, 2021**, the Government shall transmit a copy of this Order to Mr. Melicharek.

So Ordered.

Dated: March 19, 2021
      New York, New York

                                        LORNA G. SCHOFIELD
                                        **UNITED STATES DISTRICT JUDGE**

---

(emphasis in original); *but see FNU LNU v. United States*, No. 06 CR 172-LTS, 2020 WL 5237798, at *3-*7 (S.D.N.Y. Sept. 2, 2020) (attempted Hobbs Act robbery not a crime of violence); *United States v. Tucker*, No. 18 CR 0119 (SJ), 2020 WL 93951, at *6 (E.D.N.Y. Jan. 8, 2020) (same); *Lofton v. United States*, No. 04 Cr. 6063 (MAT), 2020 WL 362348, at *3 (W.D.N.Y. Jan. 22, 2020) (same).