UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JOHN MELICHAREK,                                              :
                                   Petitioner,                :   21 Civ. 1116 (LGS)
                                                              :   07 Cr. 907 (LGS)
            -against-                                         :
                                                              :   OPINION AND ORDER
UNITED STATES OF AMERICA,                                     :
                                   Respondent.                :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Petitioner John Melicharek brings this Petition pro se to vacate his conviction for using and carrying a firearm in furtherance of a crime of violence, and attempt to do so, in violation of 18 U.S.C. § 924(c) ("Count Seven").  *See* 28 U.S.C. § 2255.  After pleading guilty in 2008, he was sentenced to sixty additional consecutive months of imprisonment on this charge.  Petitioner argues that, in light of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his conviction on Count Seven is no longer valid because the underlying predicate crimes -- Hobbs Act robbery conspiracy and Hobbs Act robbery -- are no longer "crimes of violence" within the meaning of 18 U.S.C. § 924(c).  For the reasons stated below, the Petition is denied.

**I.  BACKGROUND**

      In 2007, Melicharek was indicted for participating in criminal activities as a member of the Genovese Organized Crime Family of La Cosa Nostra in New York City.  In 2008, Melicharek pleaded guilty to three counts of a superseding indictment -- extortion conspiracy (Count One), Hobbs Act robbery conspiracy (Count Three) and using and carrying a firearm in furtherance of a crime of violence, and attempt to do so (Count Seven).  On September 23, 2008, Melicharek was sentenced principally to a term of imprisonment of 147 months -- 87 months on

Counts One and Three to be served concurrently, plus 60 months on Count Seven to be served consecutively.

Petitioner did not take a direct appeal of his conviction and sentence. On October 7, 2009, Petitioner filed a § 2255 petition claiming ineffective assistance of counsel, which was denied on May 13, 2010.

Petitioner filed the present Petition on April 28, 2018, challenging the constitutionality of his conviction on Count Seven -- using and carrying a firearm in furtherance of a crime of violence, to wit, Hobbs Act robbery conspiracy and Hobbs Act robbery, in violation of 18 U.S.C §§ 924(c)(1)(A)(i), (ii), and 2. Petitioner asserts that the two predicate crimes of which his carrying a firearm was in furtherance can no longer be considered crimes of violence.

On February 3, 2021, the Second Circuit granted Petitioner's motion for leave to file a successive § 2255 motion. The court construed the Petition as being based on *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), and held that Petitioner had made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h), which permits a successive motion based on a new rule of constitutional law. The court observed that one of the two predicate crimes, conspiracy to commit Hobbs Act robbery, is no longer a valid § 924 predicate after *Johnson* and *Davis*. The court left for the district court to determine whether the other predicate crime was a completed Hobbs Act robbery or attempted Hobbs Act robbery, and if the latter, whether it remains a valid § 924 predicate. The Second Circuit noted that the issue of whether attempted Hobbs Act robbery is a crime of violence under the § 924(c)(3)(A) force clause was pending before that court.

## II. LEGAL STANDARD

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Salemo v. United States*, 187 F. Supp. 3d 402, 413 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)).

A federal prisoner may move to vacate, set aside, or correct his sentence on four grounds pursuant to § 2255:

> (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack.'

*United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (alteration in original) (quoting 28 U.S.C. § 2255(a)). "In ruling on a motion under § 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the petitioner] to relief." *Id.* at 131.

Motions filed pro se are given "special solicitude" and are construed to raise the strongest possible argument. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

## III. DISCUSSION

### A. Successive § 2255 Petition

As a preliminary matter, the Second Circuit's order transferring the Petition to this Court requires a determination of whether Petitioner's claim satisfies the threshold requirements

3

governing successive § 2255 motions.  The Petition satisfies the requirements of 28 U.S.C. § 2244(a), as no prior determination has been made of the legality of Petitioner's detention on a prior habeas petition except as provided in § 2255.  The Petition likewise satisfies 28 U.S.C. § 2244(b)(3)-(4) as the Second Circuit authorized this successive § 2255 Petition, upon motion of Petitioner.  The Petition also satisfies § 2255(h) because the Second Circuit determined that the Petition contains a new rule of constitutional law as required in that subsection.  Petitioner therefore has made the requisite showing that the Petition meets the threshold requirements for a successive § 2255 motion.

        **B.**        **Merits of the Petition**

The Petitioner makes the singular argument that his conviction under § 924(c) (Count Seven) should be vacated because the predicate offenses are no longer "crimes of violence."  The Petition is denied because one of the two predicate offenses for Count Seven -- attempted Hobbs Act robbery -- remains a "crime of violence" under the force clause of § 924(c).

Two issues no longer need to be considered.  First, as the Second Circuit made clear in its transfer order, conspiracy to commit Hobbs Act robbery is no longer a valid § 924(c) predicate after *Johnson*, 576 U.S. 591, and *Davis*, 139 S. Ct. 2319.  Second, the Government concedes that the other predicate crime underlying Petitioner's conviction on Count Seven is attempted Hobbs Act robbery, rather than Hobbs Act robbery.

Accordingly, the sole remaining issue is whether attempted Hobbs Act robbery is a "crime of violence" under the force clause of § 924(c).  The Second Circuit has now indisputably answered that question in the affirmative in *United States v. McCoy*, 995 F.3d 32, 57 (2d Cir. 2021), stating "[W]e hold that Hobbs Act attempted robbery qualifies as a crime of violence under § 924(c) because an attempt to commit Hobbs Act robbery using force necessarily

4

involves the 'attempted use . . . of force' under § 924(c)(3)(A)." Accordingly, Petitioner's conviction on Count Seven remains valid, and the Petition is denied.

IV.   **CONCLUSION**

For the reasons stated above, Melicharek's Petition for writ of habeas corpus is denied. Because Petitioner has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close this case.

Dated:  August 27, 2021
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE